# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                                          **Case No. 8:06-CR-215-T-27AAS**

**MICHAEL WILSON**

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Dkt. 331). The United States has not responded to the motion and the time for doing so has expired. Upon consideration, Defendant's motion is DENIED.

Defendant was convicted on his guilty plea of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, and was sentenced to 151 months, followed by a 10 year term of supervised release (Dkt. 131). He completed his prison sentence and his term of supervised release commenced on July 27, 2017 (Dkt. 335).[1] Jurisdiction was transferred to the Western District of Texas, where, on September 26, 2018, his term of supervised release was revoked, and he was sentenced to 21 months in prison (Dkts. 329, 335).

Under Section 404(b) of the First Step Act of 2018, a court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 ... were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. Under Section 404(a), a " 'covered

---

[1] The Federal Defender's Office was apparently unaware that Defendant had completed his sentence when it filed the instant motion.

offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 ... that was committed before August 3, 2010."

Defendant's offense of conviction is a "covered offense" as defined in Section 404 of the First Step Act. Notwithstanding, he is ineligible for a sentence reduction because he completed his prison sentence and the First Step Act does not authorize a reduction in the sentence imposed after revocation of his term of supervised release.[2] More specifically, retroactive application of the Fair Sentencing Act does not reduce the penalties he faced when his term of supervised release was revoked.

**DONE AND ORDERED** this 16th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record, U.S. Probation Office

---

[2] The United States Probation Office submitted a memorandum summarizing the revocation proceeding and recommending that Defendant is not eligible for a sentence reduction because his "term of imprisonment was imposed in relation to a revocation of supervised release." (Dkt. 335).